T.C. Summary Opinion 2002-38


UNITED STATES TAX COURT


RUBIN WHITFIELD, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6573-01S.          Filed April 8, 2002.


Rubin Whitfield, Jr., pro se.

Marty J. Dama, for respondent.


COUVILLION, Special Trial Judge: This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Petitioner petitioned for review under section 6330(d) of a determination by respondent's Appeals Office that respondent's action to collect

---

[1] Unless otherwise indicated, section references hereafter are to the Internal Revenue Code as amended.

by levy Federal income taxes owing by petitioner for the year 1990 should proceed. That determination was preceded by respondent's issuance to petitioner of a notice of intent to levy and of petitioner's right to a hearing in connection with an assessed balance of income taxes for 1990 of $486.77 and statutory additions of $2,142.20.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. At the time the petition for review was filed, petitioner was a legal resident of Italy, Texas.

A notice of deficiency was issued to petitioner for 1990, and respondent's determinations in that notice were never judicially challenged or litigated by petitioner. Petitioner was, in due course, assessed for the amounts determined in the notice of deficiency.[2]

In his petition for review, petitioner alleges that he had previously entered into an agreement with a representative of respondent to the effect that, if he made the equivalent of monthly payments over a 12-month period totaling $1,296, his

---

[2] The notice of deficiency was not offered into evidence at trial. It appears that petitioner had not filed a tax return for 1990; however, after the notice of deficiency was issued, petitioner filed a return that mirrored the determinations in the notice of deficiency. In his petition and at the hearing, petitioner did not allege or contend that he never received the notice of deficiency.

account would be considered paid in full, and all penalties and interest would be abated. No written evidence or documentation of such an agreement was presented at trial. However, there was offered into evidence respondent's taxpayer account record of petitioner, which reflected the following credits and payments on petitioner's account for 1990:

```
Withholding credit:  4/15/91          $  675.00
Payment by levy:  3/11/97              1,555.95
Payment:  5/16/97                         281.00
Payment:  6/23/97                         324.00
Payment:  7/21/97                         500.00
Payment:  8/22/97                         300.00
   Total                               $3,635.95
```

These payments, however, did not totally satisfy petitioner's liability, for which respondent issued the notice of intent to levy for collection of the balance of the assessment, penalties, and interest due by petitioner.

Pursuant to petitioner's request, a hearing was conducted by respondent's Appeals Office. A Summary and Recommendation of the hearing was offered into evidence at trial. That Summary and Recommendation states that petitioner's claim that he had a settlement agreement (described above) was considered; however, petitioner's claim to the existence of such an agreement was dismissed for the reason "There is no evidence in the file that supports the Taxpayer's assertion." The Summary and Recommendation further states that, during the hearing, there was

a discussion of possible payment alternatives and, following the hearing, the Appeals Office twice sent forms to be completed and returned by petitioner that would set forth petitioner's proposals for alternative payments. Petitioner never followed through with the process, whereupon respondent's Appeals Office concluded that petitioner was not entitled to relief.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days of notice and demand for payment, the Secretary may collect such tax by levy upon the taxpayer's property. Section 6330 generally provides that the Secretary cannot proceed with the collection of taxes by way of a levy until the taxpayer has been given notice and an opportunity for administrative review in the form of an Appeals Office hearing. Section 6330(c) provides for an Appeals Office due process hearing to address collection issues including, among other things not pertinent here, alternative means of collection. The determination of the Appeals Office may be reviewed judicially upon the timely filing of a petition in this Court or in an appropriate United States District Court. When the validity of the underlying tax liability is not at issue, such as in this case, this Court reviews the Appeals Office determination for abuse of discretion and does not review the determination on a de novo basis. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

The record here does not support a finding that there was an abuse of discretion by respondent's Appeals Office in denying relief to petitioner. Petitioner's claim that he had an agreement for an installment payment method with an abatement by respondent of a portion of the deficiency, interest, and penalties was not established. Moreover, the Appeals Office considered that contention and determined there was no basis for petitioner's claim. Nothing was presented by petitioner to the Court that would establish an abuse of discretion by the Appeals Office in reaching this conclusion. Petitioner was offered two opportunities by the Appeals Office to submit proposals for alternative means of collection by respondent. Petitioner did not submit any alternative collection methods for consideration by respondent. Again, there was no abuse of discretion by the Appeals Office in its determination that the levy should proceed. Accordingly, the notice of determination by the Appeals Office will be sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.